



FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE NEW MEXICO

06 FEB -8 PH 2: 55

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DANNY MARTINEZ, INDIVIDUALLY
AND AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF MODESTO MARTINEZ,
DECEASED,

          Plaintiff,

v.                    No. CIV **06 – 0 1 1 2 BRB RHS**

FARMINGTON MEDICAL INVESTORS LIMITED
PARTNERSHIP, d/b/a LIFE CARE
CENTERS OF FARMINGTON;
FARMINGTON MEDICAL INVESTORS
LLC. d/b/a LIFE CARE
CENTER OF FARMINGTON;
LIFE CARE CENTERS OF AMERICA, INC.;
LIFE CARE HEALTH RESOURCES, INC.;
LIFE CARE AFFILIATES II LIMITED PARTNERSHIP;
LIFE CARE ALLIANCE, INC.;
LIFE CARE ASSOCIATES, LTD. II, L.P.;
LIFE CARE ASSOCIATES, LTD. III, L.P.;
LIFE CARE ASSOCIATES IV LIMITED PARTNERSHIP;
LIFE CARE FOUNDATION FOR EDUCATION
AND RESEARCH;
LIFE CARE FUNDING COMPANY, LLC;
LIFE CARE FUNDING, INC.;
LIFE CARE GROUP PURCHASING, LLC; and
JOHN C. SNYDER, ADMINISTRATOR,

          Defendants.

**NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

To:    UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

COME NOW the Defendants, Life Care Health Resources, Inc., Life Care Affiliates II Limited Partnership, Life Care Alliance, Inc., Life Care Associates, LTD. II, L.P., Life Care Associates, LTD. III, L.P., Life Care Associates IV Limited Partnership, Life Care Foundation for Education and Research, Life Care Funding Company, LLC, Life Care Funding, Inc., and Life Care Group Purchasing, LLC,[1] by and through their counsel of record, Guebert, Bruckner & Bootes, P.C., and pursuant to 28 U.S.C., Section 1446 and D.N.M.LR-Civ. 81.1, move this Court to allow removal of the above-entitled action to the United States District Court for the District of New Mexico.  As grounds therefore, Defendants would show:

1.    On or about November 30, 2005, Plaintiff's Original Complaint (hereinafter "Complaint"), was filed in the Eleventh Judicial District Court, County of San Juan, State of New Mexico.  The case was docketed as San Juan County Cause No. CV2005-1559-3.  The Plaintiff is Danny Martinez, Individually and as Personal Representative of the Estate of Modesto Martinez, Deceased.

2.    The Complaint names Life Care Health Resources, Inc., Life Care Affiliates II Limited Partnership, Life Care Alliance, Inc., Life Care Associates, LTD. II, L.P., Life Care Associates, LTD. III, L.P., Life Care Associates IV Limited Partnership, Life Care Foundation for Education and Research, Life Care Funding Company, LLC, Life Care Funding, Inc., and Life Care Group Purchasing, LLC as the Defendants.  Each of these Defendants are a foreign company with its principle place of business in Cleveland, Tennessee, a location outside the State of New Mexico.

---

[1] Incorrectly identified Defendants, Farmington Medical Investors Limited Partnership d/b/a Life Care Centers of Farmington and Farmington Medical Investors, LLC, d/b/a Life Care Center of Farmington, as well as Defendants, Life Care Centers of America, Inc. and John C. Snyder, Administrator, have not yet been served.

3.      Incorrectly identified Defendants, Farmington Medical Investors Limited Partnership d/b/a Life Care Centers of Farmington and Farmington Medical Investors, LLC, d/b/a Life Care Center of Farmington, are also foreign companies with their principle place of business in Cleveland, Tennessee. Defendant, Life Care Centers of America, Inc. is also a foreign corporation with its principle place of business in Cleveland, Tennessee. These Defendants have not yet been served in this action.

4.      Defendant, John C. Snyder, Administrator, resides in Durango, Colorado, a State different from the State of residence of the Plaintiff. (See, Plaintiff's Original Complaint, ¶¶1 and 15) Mr. Snyder has not yet been served in this action.

5.      The remaining Defendants, Life Care Health Resources, Inc., Life Care Affiliates II Limited Partnership, Life Care Alliance, Inc., Life Care Associates, LTD. II, L.P., Life Care Associates, LTD. III, L.P., Life Care Associates IV Limited Partnership, Life Care Foundation for Education and Research, Life Care Funding Company, LLC, Life Care Funding, Inc., and Life Care Group Purchasing, LLC were served by mailing a copy of the Summons and Complaint to Forrest Preston on or about January 9, 2006, which mailing did not satisfy the requirements of Fed.R.Civ.P. 4(d)(2).

6.      The Complaint asserts claims under New Mexico State Law.

7.      The Complaint is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and which is removable by Defendant under the provisions of 28 U.S.C. § 1441. Although the Defendants dispute the Plaintiff's claims, Defendant believes the amount in controversy exceeds the jurisdictional minimum amount set forth in 28 U.S.C. § 1332(a). A supporting affidavit of defense counsel RaMona G. Bootes, has been filed herewith. **(Exhibit A)**     Plaintiff's claims for negligence (Count I), gross

3

negligence, willful, wanton reckless, malicious and/or intentional misconduct (Count II).
and negligent or intentional misrepresentations (Count III) including claims for costs, and
punitive damages, all indicate that the amount in controversy exceeds the jurisdictional
minimum amount set forth in 28 U.S.C. § 1332(a).

8.      Furthermore, on February 3, 2006, Plaintiff's counsel was unwilling to
stipulate that the Plaintiff is not seeking damages in excess of $75,000. The Plaintiff's
reluctance to stipulate to damages less than the jurisdictional minimum, together with her
claims for negligent and intentional misconduct, punitive damages and costs, indicate that
the amount in controversy exceeds the jurisdictional minimum amount set forth in 28 U.S.C.
§ 1332(a).

9.      In accordance with D.N.M.LR-Civ 81.1(a), attached hereto are copies of all
pleadings served upon the Defendant in Eleventh Judicial District Court No. CV 2005-1559-
3.

10.     This Notice of Removal was filed with this Court within Thirty (30) days
after service of the Complaint, which is the first pleading naming these Defendants.

11.     Defendants, Life Care Health Resources, Inc., Life Care Affiliates II Limited
Partnership, Life Care Alliance, Inc., Life Care Associates, LTD. II, L.P., Life Care
Associates, LTD. III. L.P., Life Care Associates IV Limited Partnership, Life Care
Foundation for Education and Research, Life Care Funding Company, LLC, Life Care
Funding, Inc., and Life Care Group Purchasing, LLC, upon filing of this Notice of Removal,
gave written notice of the filing to Plaintiff as required by 28 U.S.C. Section 1446(d), and
filed a copy of this Notice of removal with the clerk of the Eleventh Judicial District Court,
County of San Juan, State of New Mexico, the Court from which this action is removed.

9.     This Notice of Removal is signed pursuant to Fed.R.Civ.P. 11.

WHEREFORE, the Defendants, Life Care Health Resources, Inc., Life Care Affiliates II Limited Partnership, Life Care Alliance, Inc., Life Care Associates, LTD. II, L.P., Life Care Associates, LTD. III, L.P., Life Care Associates IV Limited Partnership, Life Care Foundation for Education and Research, Life Care Funding Company, LLC, Life Care Funding, Inc., and Life Care Group Purchasing, LLC, pray that the above-entitled action be removed from the Eleventh Judicial District Court, County of San Juan, State of New Mexico, to this Court.

GUEBERT, BRUCKNER & BOOTES, P.C.

By _____
RaMona G. Bootes
Christopher J. DeLara
P. O. Box 93880
Albuquerque, NM  87199-3880
(505) 823-2300
Attorneys for Defendants

This is to certify that a copy of the
foregoing Notice of Removal To
United States District Court For
The District of New Mexico was
mailed to:

Rosalie Fragoso, Esq.
2403 San Mateo Blvd., N.E., Suite W-26
Albuquerque, NM  87110

this 8th day of February, 2006.

5451 005\pleadings\notice of remove (federal) \mg

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANNY MARTINEZ, INDIVIDUALLY
AND AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF MODESTO MARTINEZ,
DECEASED,

        Plaintiff,

v.

FARMINGTON MEDICAL INVESTORS LIMITED
PARTNERSHIP, d/b/a LIFE CARE
CENTERS OF FARMINGTON;
FARMINGTON MEDICAL INVESTORS
LLC, d/b/a LIFE CARE
CENTER OF FARMINGTON;
LIFE CARE CENTERS OF AMERICA, INC.;
LIFE CARE HEALTH RESOURCES, INC.;
LIFE CARE AFFILIATES II LIMITED PARTNERSHIP;
LIFE CARE ALLIANCE, INC.;
LIFE CARE ASSOCIATES, LTD. II, L.P.;
LIFE CARE ASSOCIATES, LTD. III, L.P.;
LIFE CARE ASSOCIATES IV LIMITED PARTNERSHIP;
LIFE CARE FOUNDATION FOR EDUCATION
AND RESEARCH;
LIFE CARE FUNDING COMPANY, LLC;
LIFE CARE FUNDING, INC.;
LIFE CARE GROUP PURCHASING, LLC; and
JOHN C. SNYDER, ADMINISTRATOR,

        Defendants.

## AFFIDAVIT OF RAMONA G. BOOTES

COMES NOW RaMona G. Bootes, being duly sworn under oath and deposes as
follows:

## EXHIBIT A

1.    I am one of the attorneys for the Defendants, Life Care Health Resources,
Inc., Life Care Affiliates II Limited Partnership, Life Care Alliance, Inc., Life Care
Associates, LTD. II, L.P., Life Care Associates, LTD. III, L.P., Life Care Associates IV
Limited Partnership, Life Care Foundation for Education and Research, Life Care Funding
Company, LLC, Life Care Funding, Inc., and Life Care Group Purchasing, LLC in this
matter.[1]  I am licensed to practice in the State of New Mexico and before this Court.  I have
been a practicing attorney in the State of New Mexico for eighteen (18) years.  I am BV
rated by Martindale-Hubbell.

2.    The majority of my practice for the past 18 years has involved personal
injury, product liability and insurance litigation, where I have been retained to defend
either an insurance company or its insured that has been made a party to a civil lawsuit.
Over the past 18 years, I have evaluated hundreds of personal injury claims.  Specifically,
over the past six (6) years, a significant portion of my practice has been the defense of
claims arising from long-term care facilities, which requires a detailed evaluation of the
claims asserted.

3.    The Complaint alleges that Defendants acted negligently in the care and
treatment of Plaintiff's Decedent, or acted with conscious indifference and/or malicious
and/or intentional misconduct.  Plaintiff further alleges that Defendants made negligent or
intentional misrepresentations regarding the care to be provided to Plaintiff's Decedent.

---

[1]  Incorrectly identified Defendants, Farmington Medical Investors Limited Partnership, d/b/a Life Care
Centers of Farmington and Farmington Medical Investors, LLC d/b/a Life Care Center of Farmington, as
well as Defendants, Life Care Centers of America, Inc. and John C. Snyder, Administrator, have not yet
been served.

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT

JAN - 6 2006

DANNY MARTINEZ, INDIVIDUALLY
AND AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF MODESTO MARTINEZ,
DECEASED,

                    Plaintiff,                       Cause No. CV 2005 / 55 9 - 3

v.

FARMINGTON MEDICAL INVESTORS LIMITED
PARTNERSHIP, d/b/a LIFE CARE
CENTERS OF FARMINGTON;
FARMINGTON MEDICAL INVESTORS
LLC, d/b/a LIFECARE
CENTER OF FARMINGTON;
LIFE CARE CENTERS OF AMERICA, INC.;
LIFE CARE HEALTH RESOURCES, INC.;
LIFE CARE AFFILIATES II LIMITED PARTNERSHIP;
LIFE CARE ALLIANCE, INC.;
LIFE CARE ASSOCIATES, LTD. II, L.P.;
LIFE CARE ASSOCIATES, LTD. III, L.P.;
LIFE CARE ASSOCIATES IV LIMITED PARTNERSHIP;
LIFE CARE FOUNDATION FOR EDUCATION
AND RESEARCH;
LIFE CARE FUNDING COMPANY, LLC;
LIFE CARE FUNDING, INC.;
LIFE CARE GROUP PURCHASING, LLC; and;
JOHN C. SNYDER, ADMINISTRATOR,

                    Defendants.

## SUMMONS
## THE STATE OF NEW MEXICO

TO:          LIFE CARE HEALTH RESOURCES, INC., Defendant
ADDRESS:     Forrest L. Preston, Registered Agent, 3570 Keith Street, NW, Cleveland, Tennessee
             37312

S451.005      26 0/CJ0

Greetings:

You are hereby directed to serve a pleading or motion in response to the complaint which is attached to this summons within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file a copy of your answer or motion with the court as provided in Rule 1-005 NMRA.

If you fail to file a timely answer or motion, default judgment may be entered against you for the relief demanded in the complaint.

_Rosalie Fragoso_

Rosalie Fragoso
Attorney for the Plaintiff
Nix, Patterson & Roach LLP
2403 San Mateo Blvd. NE Suite W-26
Albuquerque, NM 87110
505-883-1772                         Sandra A. Price

WITNESS the Honorable _____, district judge of the Eleventh Judicial Court of the State of New Mexico, and the seal of the district court of San Juan County, this 30 day of _Nov_ , 2005

WELDON J NEFF
_____
Clerk

By _____
Deputy

Dated: _____

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT


DANNY MARTINEZ, INDIVIDUALLY
AND AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF MODESTO MARTINEZ,
DECEASED,

                      Plaintiff,                            Cause No. _C Y 2005-1558-_

v.

FARMINGTON MEDICAL INVESTORS LIMITED
PARTNERSHIP, d/b/a LIFE CARE
CENTERS OF FARMINGTON;
FARMINGTON MEDICAL INVESTORS
LLC, d/b/a LIFECARE
CENTER OF FARMINGTON;
LIFE CARE CENTERS OF AMERICA, INC.;
LIFE CARE HEALTH RESOURCES, INC.;
LIFE CARE AFFILIATES II LIMITED PARTNERSHIP;
LIFE CARE ALLIANCE, INC.;
LIFE CARE ASSOCIATES, LTD. II, L.P.;
LIFE CARE ASSOCIATES, LTD. III, L.P.;
LIFE CARE ASSOCIATES IV LIMITED PARTNERSHIP;
LIFE CARE FOUNDATION FOR EDUCATION
AND RESEARCH;
LIFE CARE FUNDING COMPANY, LLC;
LIFE CARE FUNDING, INC.;
LIFE CARE GROUP PURCHASING, LLC; and;
JOHN C. SNYDER, ADMINISTRATOR,


                      Defendants.


## SUMMONS
## THE STATE OF NEW MEXICO

TO:      LIFE CARE ASSOCIATES, LTD. III, L.P., Defendant
ADDRESS:  Forrest L. Preston, Registered Agent, 3570 Keith Street NW, Cleveland, Tennessee
             37312

Greetings:

You are hereby directed to serve a pleading or motion in response to the complaint which is attached to this summons within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file a copy of your answer or motion with the court as provided in Rule 1-005 NMRA.

If you fail to file a timely answer or motion, default judgment may be entered against you for the relief demanded in the complaint.

Rosalie Fragoso
Attorney for the Plaintiff
Nix, Patterson & Roach LLP
2403 San Mateo Blvd. NE Suite W-26
Albuquerque, NM 87110
505-883-1772

Sandra A. Price

WITNESS the Honorable _____, district judge of the Eleventh Judicial Court of the State of New Mexico, and the seal of the district court of San Juan County, this 30 day of Nov ,2005.

WELDON J NEFF
Clerk

By _____
Deputy

Dated: _____

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT


DANNY MARTINEZ, INDIVIDUALLY
AND AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF MODESTO MARTINEZ,
DECEASED,

                    Plaintiff,                           Cause No. C V2005-1559- 3


v.


FARMINGTON MEDICAL INVESTORS LIMITED
PARTNERSHIP, d/b/a LIFE CARE
CENTERS OF FARMINGTON;
FARMINGTON MEDICAL INVESTORS
LLC, d/b/a LIFECARE
CENTER OF FARMINGTON;
LIFE CARE CENTERS OF AMERICA, INC.;
LIFE CARE HEALTH RESOURCES, INC.;
LIFE CARE AFFILIATES II LIMITED PARTNERSHIP;
LIFE CARE ALLIANCE, INC.;
LIFE CARE ASSOCIATES, LTD. II, L.P.;
LIFE CARE ASSOCIATES, LTD. III, L.P.;
LIFE CARE ASSOCIATES IV LIMITED PARTNERSHIP;
LIFE CARE FOUNDATION FOR EDUCATION
AND RESEARCH;
LIFE CARE FUNDING COMPANY, LLC;
LIFE CARE FUNDING, INC.;
LIFE CARE GROUP PURCHASING, LLC; and;
JOHN C. SNYDER, ADMINISTRATOR,


                    Defendants.


## SUMMONS
## THE STATE OF NEW MEXICO

TO:        LIFE CARE ASSOCIATES IV LIMITED PARTNERSHIP, Defendant
ADDRESS:   Forrest L. Preston, Registered Agent, 3570 Keith Street NW, Cleveland, Tennessee
           37312

Greetings:

You are hereby directed to serve a pleading or motion in response to the complaint which is attached to this summons within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file a copy of your answer or motion with the court as provided in Rule 1-005 NMRA.

If you fail to file a timely answer or motion, default judgment may be entered against you for the relief demanded in the complaint.

Rosalie Fragoso
Attorney for the Plaintiff
Nix, Patterson & Roach LLP
2403 San Mateo Blvd. NE Suite W-26
Albuquerque, NM 87110
505-883-1772

Sandra A. Price

WITNESS the Honorable _____, district judge of the Eleventh Judicial Court of the State of New Mexico, and the seal of the district court of San Juan County, this ___ day of _____ ,2005

WELDON J NEFF
Clerk

By _____
Deputy

Dated: _____

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT


DANNY MARTINEZ, INDIVIDUALLY
AND AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF MODESTO MARTINEZ,
DECEASED,

                Plaintiff,                           Cause No. _C V 2005 - 1 5 5 9 -_

v.

FARMINGTON MEDICAL INVESTORS LIMITED
PARTNERSHIP, d/b/a LIFE CARE
CENTERS OF FARMINGTON;
FARMINGTON MEDICAL INVESTORS
LLC, d/b/a LIFECARE
CENTER OF FARMINGTON;
LIFE CARE CENTERS OF AMERICA, INC.;
LIFE CARE HEALTH RESOURCES, INC.;
LIFE CARE AFFILIATES II LIMITED PARTNERSHIP;
LIFE CARE ALLIANCE, INC.;
LIFE CARE ASSOCIATES, LTD. II, L.P.;
LIFE CARE ASSOCIATES, LTD. III, L.P.;
LIFE CARE ASSOCIATES IV LIMITED PARTNERSHIP;
LIFE CARE FOUNDATION FOR EDUCATION
AND RESEARCH;
LIFE CARE FUNDING COMPANY, LLC;
LIFE CARE FUNDING, INC.;
LIFE CARE GROUP PURCHASING, LLC; and;
JOHN C. SNYDER, ADMINISTRATOR,

                Defendants.

## SUMMONS
### THE STATE OF NEW MEXICO

TO:       LIFE CARE GROUP PURCHASING, LLC, Defendant
ADDRESS:  Forrest L. Preston, Registered Agent, 3570 Keith Street NW, Cleveland, Tennessee
            37312

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT


DANNY MARTINEZ, INDIVIDUALLY
AND AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF MODESTO MARTINEZ,
DECEASED,

                    Plaintiff,                          Cause No. _C V2005- 1559- 3_


v.


FARMINGTON MEDICAL INVESTORS LIMITED
PARTNERSHIP, d/b/a LIFE CARE
CENTERS OF FARMINGTON;
FARMINGTON MEDICAL INVESTORS
LLC, d/b/a LIFECARE
CENTER OF FARMINGTON;
LIFE CARE CENTERS OF AMERICA, INC.;
LIFE CARE HEALTH RESOURCES, INC.;
LIFE CARE AFFILIATES II LIMITED PARTNERSHIP;
LIFE CARE ALLIANCE, INC.;
LIFE CARE ASSOCIATES, LTD. II, L.P.;
LIFE CARE ASSOCIATES, LTD. III, L.P.;
LIFE CARE ASSOCIATES IV LIMITED PARTNERSHIP;
LIFE CARE FOUNDATION FOR EDUCATION
AND RESEARCH;
LIFE CARE FUNDING COMPANY, LLC;
LIFE CARE FUNDING, INC.;
LIFE CARE GROUP PURCHASING, LLC; and;
JOHN C. SNYDER, ADMINISTRATOR,


                    Defendants.

## SUMMONS
## THE STATE OF NEW MEXICO

TO:        LIFE CARE FUNDING, INC., Defendant
ADDRESS:   Forrest L. Preston, Registered Agent, 3570 Keith Street NW, Cleveland, Tennessee
           37312

Greetings:

You are hereby directed to serve a pleading or motion in response to the complaint which is attached to this summons within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file a copy of your answer or motion with the court as provided in Rule 1-005 NMRA.

If you fail to file a timely answer or motion, default judgment may be entered against you for the relief demanded in the complaint.

Rosalie Fragoso
Attorney for the Plaintiff
Nix, Patterson & Roach LLP
2403 San Mateo Blvd. NE Suite W-26
Albuquerque, NM 87110
505-883-1772

Sandra A. Price

WITNESS the Honorable _____, district judge of the Eleventh Judicial Court of the State of New Mexico, and the seal of the district court of San Juan County, this 30 day of _Nov_, 2005

WELDON J NEFF
_____
Clerk

By _____
Deputy

Dated: _____

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT

DANNY MARTINEZ, INDIVIDUALLY
AND AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF MODESTO MARTINEZ,
DECEASED,

     Plaintiff,          Cause No. *CV2005-1559-3*

v.

FARMINGTON MEDICAL INVESTORS LIMITED
PARTNERSHIP, d/b/a LIFE CARE
CENTERS OF FARMINGTON;
FARMINGTON MEDICAL INVESTORS
LLC, d/b/a LIFECARE
CENTER OF FARMINGTON;
LIFE CARE CENTERS OF AMERICA, INC.;
LIFE CARE HEALTH RESOURCES, INC.;
LIFE CARE AFFILIATES II LIMITED PARTNERSHIP;
LIFE CARE ALLIANCE, INC.;
LIFE CARE ASSOCIATES, LTD. II, L.P.;
LIFE CARE ASSOCIATES, LTD. III, L.P.;
LIFE CARE ASSOCIATES IV LIMITED PARTNERSHIP;
LIFE CARE FOUNDATION FOR EDUCATION
AND RESEARCH;
LIFE CARE FUNDING COMPANY, LLC;
LIFE CARE FUNDING, INC.;
LIFE CARE GROUP PURCHASING, LLC; and;
JOHN C. SNYDER, ADMINISTRATOR,

     Defendants.

## SUMMONS
## THE STATE OF NEW MEXICO

TO:  LIFE CARE ALLIANCE, INC., Defendant
ADDRESS: Forrest L. Preston, Registered Agent, 3570 Keith Street NW, Cleveland, Tennessee
    37312

Greetings:

You are hereby directed to serve a pleading or motion in response to the complaint which is attached to this summons within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file a copy of your answer or motion with the court as provided in Rule 1-005 NMRA.

If you fail to file a timely answer or motion, default judgment may be entered against you for the relief demanded in the complaint.

_Rosalie Fragoso_

Rosalie Fragoso
Attorney for the Plaintiff
Nix, Patterson & Roach LLP
2403 San Mateo Blvd. NE Suite W-26
Albuquerque, NM 87110
505-883-1772                     Sandra A. Price

WITNESS the Honorable _____, district judge of the Eleventh Judicial Court of the State of New Mexico, and the seal of the district court of San Juan County, this 30 day of Nov, 2005

WELDON J NEFF
_____
Clerk

By _____
Deputy

Dated: _____

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT


DANNY MARTINEZ, INDIVIDUALLY
AND AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF MODESTO MARTINEZ,
DECEASED,

                         Plaintiff,                            Cause No. _CV2005 1559-3_

v.

FARMINGTON MEDICAL INVESTORS LIMITED
PARTNERSHIP, d/b/a LIFE CARE
CENTERS OF FARMINGTON;
FARMINGTON MEDICAL INVESTORS
LLC, d/b/a LIFECARE
CENTER OF FARMINGTON;
LIFE CARE CENTERS OF AMERICA, INC.;
LIFE CARE HEALTH RESOURCES, INC.;
LIFE CARE AFFILIATES II LIMITED PARTNERSHIP;
LIFE CARE ALLIANCE, INC.;
LIFE CARE ASSOCIATES, LTD. II, L.P.;
LIFE CARE ASSOCIATES, LTD. III, L.P.;
LIFE CARE ASSOCIATES IV LIMITED PARTNERSHIP;
LIFE CARE FOUNDATION FOR EDUCATION
AND RESEARCH;
LIFE CARE FUNDING COMPANY, LLC;
LIFE CARE FUNDING, INC.;
LIFE CARE GROUP PURCHASING, LLC; and;
JOHN C. SNYDER, ADMINISTRATOR,

                         Defendants.


## SUMMONS
## THE STATE OF NEW MEXICO

TO:        LIFE CARE FOUNDATION FOR EDUCATION AND RESEARCH, Defendant
ADDRESS:   Forrest L. Preston, Registered Agent, 3570 Keith Street NW, Cleveland, Tennessee
           37312

Greetings:

You are hereby directed to serve a pleading or motion in response to the complaint which is attached to this summons within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file a copy of your answer or motion with the court as provided in Rule 1-005 NMRA.

If you fail to file a timely answer or motion, default judgment may be entered against you for the relief demanded in the complaint.

_Rosalie Fragoso_

Rosalie Fragoso
Attorney for the Plaintiff
Nix, Patterson & Roach LLP
2403 San Mateo Blvd. NE Suite W-26
Albuquerque, NM 87110
505-883-1772

                    Sandra A. Price

WITNESS the Honorable _____, district judge of the Eleventh Judicial Court of the State of New Mexico, and the seal of the district court of San Juan County, this 30 day of Nov, 2005

                    WELDON J NEFF
          _____
                    Clerk

          By _____
                    Deputy

          Dated: _____

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT


DANNY MARTINEZ, INDIVIDUALLY
AND AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF MODESTO MARTINEZ,
DECEASED,

                Plaintiff,                                    Cause No. _CV2005-1559-3_

v.

FARMINGTON MEDICAL INVESTORS LIMITED
PARTNERSHIP, d/b/a LIFE CARE
CENTERS OF FARMINGTON;
FARMINGTON MEDICAL INVESTORS
LLC, d/b/a LIFECARE
CENTER OF FARMINGTON;
LIFE CARE CENTERS OF AMERICA, INC.;
LIFE CARE HEALTH RESOURCES, INC.;
LIFE CARE AFFILIATES II LIMITED PARTNERSHIP;
LIFE CARE ALLIANCE, INC.;
LIFE CARE ASSOCIATES, LTD. II, L.P.;
LIFE CARE ASSOCIATES, LTD. III, L.P.;
LIFE CARE ASSOCIATES IV LIMITED PARTNERSHIP;
LIFE CARE FOUNDATION FOR EDUCATION
AND RESEARCH;
LIFE CARE FUNDING COMPANY, LLC;
LIFE CARE FUNDING, INC.;
LIFE CARE GROUP PURCHASING, LLC; and
JOHN C. SNYDER, ADMINISTRATOR,

                Defendants.

### SUMMONS
### THE STATE OF NEW MEXICO

TO:       LIFE CARE FUNDING COMPANY, LLC, Defendant
ADDRESS:  Forrest L. Preston, Registered Agent, 3570 Keith Street NW, Cleveland, Tennessee
                37312

Greetings:

You are hereby directed to serve a pleading or motion in response to the complaint which is attached to this summons within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file a copy of your answer or motion with the court as provided in Rule 1-005 NMRA.

If you fail to file a timely answer or motion, default judgment may be entered against you for the relief demanded in the complaint.

Rosalie Fragoso
Attorney for the Plaintiff
Nix, Patterson & Roach LLP
2403 San Mateo Blvd. NE Suite W-26
Albuquerque, NM 87110
505-883-1772

Sandra A. Price

WITNESS the Honorable _____, district judge of the Eleventh Judicial Court of the State of New Mexico, and the seal of the district court of San Juan County, this 30 day of _Nov_ , 2005

WELDON J NEFF
_____
Clerk

By _____
Deputy

Dated: _____

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT


DANNY MARTINEZ, INDIVIDUALLY
AND AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF MODESTO MARTINEZ,
DECEASED,

                    Plaintiff,                              Cause No. *CV2005-1559-3*

v.

FARMINGTON MEDICAL INVESTORS LIMITED
PARTNERSHIP, d/b/a LIFE CARE
CENTERS OF FARMINGTON;
FARMINGTON MEDICAL INVESTORS
LLC, d/b/a LIFECARE
CENTER OF FARMINGTON;
LIFE CARE CENTERS OF AMERICA, INC.;
LIFE CARE HEALTH RESOURCES, INC.;
LIFE CARE AFFILIATES II LIMITED PARTNERSHIP;
LIFE CARE ALLIANCE, INC.;
LIFE CARE ASSOCIATES, LTD. II, L.P.;
LIFE CARE ASSOCIATES, LTD. III, L.P.;
LIFE CARE ASSOCIATES IV LIMITED PARTNERSHIP;
LIFE CARE FOUNDATION FOR EDUCATION
AND RESEARCH;
LIFE CARE FUNDING COMPANY, LLC;
LIFE CARE FUNDING, INC.;
LIFE CARE GROUP PURCHASING, LLC; and;
JOHN C. SNYDER, ADMINISTRATOR,

                    Defendants.

## SUMMONS
## THE STATE OF NEW MEXICO

TO:       LIFE CARE AFFILIATES II LIMITED PARTNERSHIP, Defendant
ADDRESS:  Forrest L. Preston, Registered Agent, 3570 Keith Street NW, Cleveland, Tennessee
          37312

Greetings:

      You are hereby directed to serve a pleading or motion in response to the complaint which is attached to this summons within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file a copy of your answer or motion with the court as provided in Rule 1-005 NMRA.

      If you fail to file a timely answer or motion, default judgment may be entered against you for the relief demanded in the complaint.

_____
Rosalie Fragoso
Attorney for the Plaintiff
Nix, Patterson & Roach LLP
2403 San Mateo Blvd. NE Suite W-26
Albuquerque, NM 87110
505-883-1772             Sandra A. Price

   WITNESS the Honorable _____, district judge of the Eleventh Judicial Court of the State of New Mexico, and the seal of the district court of San Juan County, this 30 day of _____, 2005

                         WELDON J NEFF
                               Clerk

              By _____
                            Deputy

              Dated: _____

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT


DANNY MARTINEZ, INDIVIDUALLY
AND AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF MODESTO MARTINEZ,
DECEASED,

                  Plaintiff,                          Cause No. *CV2005-1559-3*

v.

FARMINGTON MEDICAL INVESTORS LIMITED
PARTNERSHIP, d/b/a LIFE CARE
CENTERS OF FARMINGTON;
FARMINGTON MEDICAL INVESTORS
LLC, d/b/a LIFECARE
CENTER OF FARMINGTON;
LIFE CARE CENTERS OF AMERICA, INC.;
LIFE CARE HEALTH RESOURCES, INC.;
LIFE CARE AFFILIATES II LIMITED PARTNERSHIP;
LIFE CARE ALLIANCE, INC.;
LIFE CARE ASSOCIATES, LTD. II, L.P.;
LIFE CARE ASSOCIATES, LTD. III, L.P.;
LIFE CARE ASSOCIATES IV LIMITED PARTNERSHIP;
LIFE CARE FOUNDATION FOR EDUCATION
AND RESEARCH;
LIFE CARE FUNDING COMPANY, LLC;
LIFE CARE FUNDING, INC.;
LIFE CARE GROUP PURCHASING, LLC; and
JOHN C. SNYDER, ADMINISTRATOR,


                  Defendants.


### SUMMONS
### THE STATE OF NEW MEXICO

TO:      LIFE CARE ASSOCIATES, LTD. II, L.P., Defendant
ADDRESS:  Forrest L. Preston, Registered Agent, 3570 Keith Street NW, Cleveland, Tennessee
             37312

Greetings:

You are hereby directed to serve a pleading or motion in response to the complaint which is attached to this summons within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file a copy of your answer or motion with the court as provided in Rule 1-005 NMRA.

If you fail to file a timely answer or motion, default judgment may be entered against you for the relief demanded in the complaint.

_Rosalie Fragoso_

Rosalie Fragoso
Attorney for the Plaintiff
Nix, Patterson & Roach LLP
2403 San Mateo Blvd. NE Suite W-26
Albuquerque, NM 87110
505-883-1772

                    Sandra A. Price

WITNESS the Honorable _____, district judge of the Eleventh Judicial
Court of the State of New Mexico, and the seal of the district court of  San Juan County, this 30 day
of _Nov_ , 2005

                    WELDON J NEFF
                    _____
                              Clerk

                    By _____
                              Deputy

                    Dated: _____

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT

DISTRICT COURT
SAN JUAN COUNTY NM
FILED

2005 NOV 30  PM 1 14

DANNY MARTINEZ, INDIVIDUALLY
AND AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF MODESTO MARTINEZ,
DECEASED,

                    Plaintiff,                          Cause No. CV 2005-1559-3

                                                        JURY DEMAND

v.

FARMINGTON MEDICAL INVESTORS LIMITED
PARTNERSHIP, d/b/a LIFE CARE
CENTERS OF FARMINGTON;
FARMINGTON MEDICAL INVESTORS
LLC, d/b/a LIFECARE
CENTER OF FARMINGTON;
LIFE CARE CENTERS OF AMERICA, INC.;
LIFE CARE HEALTH RESOURCES, INC.;
LIFE CARE AFFILIATES II LIMITED PARTNERSHIP;
LIFE CARE ALLIANCE, INC.;
LIFE CARE ASSOCIATES, LTD. II, L.P.;
LIFE CARE ASSOCIATES, LTD. III, L.P.;
LIFE CARE ASSOCIATES IV LIMITED PARTNERSHIP;
LIFE CARE FOUNDATION FOR EDUCATION
AND RESEARCH;
LIFE CARE FUNDING COMPANY, LLC;
LIFE CARE FUNDING, INC.;
LIFE CARE GROUP PURCHASING, LLC; and;
JOHN C. SNYDER, ADMINISTRATOR,

                    Defendants.

## PLAINTIFF'S ORIGINAL COMPLAINT

The Plaintiff, Danny Martinez, as personal representative of the estate of Modesto Martinez, deceased ("Plaintiff" or "Mr. Martinez" hereafter) sues the Defendants and for his cause of action states as follows:

## PARTIES

1)      Upon information and belief, Mr. Modesto Martinez was a resident at the nursing home known as Life Care Nursing Home ("Life Care") located in San Juan County at 1101 W. Murray Drive, Farmington, New Mexico 87401, from on or about December 24, 2004 to January 19, 2005. Danny Martinez brings this suit in his capacity as personal representative of the estate of his father, Modesto Martinez, deceased.   Danny Martinez was appointed personal representative by the probate court on Mary 24, 2005. Mr. Martinez brings suite on behalf of all wrongful death beneficiaries of Modesto Martinez.

2)      Farmington Medical Investors Limited Partnership d/b/a Life Care Center of Farmington is a Tennessee Limited Partnership in the business of owning, operating, managing, and maintaining nursing homes and related healthcare facilities, including Life Care Center of Farmington, at all times material to this lawsuit.  Defendant Farmington Medical Investors Limited Partnership d/b/a Life Care Center of Farmington, may be served with process by serving CT Corporation System, its registered agent for service of process at 123 East Marcy, Santa Fe, New Mexico, 87501, or by serving any officer thereof.

3)      Farmington Medical Investors LLC d/b/a Life Care Center of Farmington is a Tennessee Limited Liability Company in the business of owning, operating, managing, and maintaining nursing homes and related healthcare facilities, including Life Care Center of Farmington, at all times material to this lawsuit.  Defendant Farmington Medical Investors LLC

2

d/b/a Life Care Center of Farmington, may be served with process by serving CT Corporation System, its registered agent for service of process at 123 East Marcy, Santa Fe, New Mexico, 87501, or by serving any officer thereof.

4) Life Care Centers of America, Inc. is a Tennessee corporation engaged in the business of owning, operating, managing, and/or maintaining nursing homes and related healthcare facilities, including Life Care Center of Farmington, at all times material to this lawsuit. The causes of action made the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management and/or control of Life Care Center of Farmington. Life Care Centers of America may be served with process by serving CT Corporation System, its registered agent for service of process at 123 East Marcy, Santa Fe, New Mexico 87501, or by serving any officer thereof.

5) Life Care Health Resources, Inc. is a Tennessee corporation engaged in the business of owning, operating, managing and/or maintaining nursing homes and related healthcare facilities, including Life Care Center of Farmington, at all times material to this lawsuit. The causes of action made the basis of this suite arise out of such business conduct by said Defendant in the ownership, operation, management and/or control of Life Care Center of Farmington. Said Defendant may be served with process by serving Forrest L. Preston, its registered agent for service of process at 3570 Keith Street NW, Cleveland, Tennessee 37312, or by serving any officer thereof.

6) Life Care Affiliates II Limited Partnership is a Tennessee corporation engaged in the business of owning, operating, managing and/or maintaining nursing homes and related healthcare facilities, including Life Care Center of Farmington, at all times material to this lawsuit. Said Defendant may be served with summons through its registered agent for service

3

of process, Forrest L. Preston, its registered agent for service of process at 3570 Keith Street NW, Cleveland, Tennessee 37312, or by serving any officer thereof.

7)     Life Care Alliance, Inc. is a Tennessee corporation engaged in the business of owning, operating, managing and/or maintaining nursing homes and related healthcare facilities, including Life Care Center of Farmington, at all times material to this lawsuit. Said Defendant may be served with summons through its registered agent for service of process, Forrest L. Preston, its registered agent for service of process at 3570 Keith Street NW, Cleveland, Tennessee 37312, or by serving any officer thereof.

8)     Life Care Associates, Ltd. II is a Tennessee corporation engaged in the business of owning, operating, managing and/or maintaining nursing homes and related healthcare facilities, including Life Care Center of Farmington, at all times material to this lawsuit. Said Defendant may be served with summons through its registered agent for service of process, Forrest L. Preston, its registered agent for service of process at 3570 Keith Street NW, Cleveland, Tennessee 37312, or by serving any officer thereof.

9)     Life Care Associates, Ltd. III is a Tennessee corporation engaged in the business of owning, operating, managing and/or maintaining nursing homes and related healthcare facilities, including Life Care Center of Farmington, at all times material to this lawsuit. Said Defendant may be served with summons through its registered agent for service of process, Forrest L. Preston, its registered agent for service of process at 3570 Keith Street NW, Cleveland, Tennessee 37312, or by serving any officer thereof.

10)     Life Care Associates IV Limited Partnership. is a Tennessee corporation engaged in the business of owning, operating, managing and/or maintaining nursing homes and related healthcare facilities, including Life Care Center of Farmington, at all times material to this

lawsuit. Said Defendant may be served with summons through its registered agent for service of process, Forrest L. Preston, its registered agent for service of process at 3570 Keith Street NW, Cleveland, Tennessee 37312, or by serving any officer thereof.

11)    Life Care Foundation for Education and Research is a Tennessee corporation engaged in the business of owning, operating, managing and/or maintaining nursing homes and related healthcare facilities, including Life Care Center of Farmington, at all times material to this lawsuit. Said Defendant may be served with summons through its registered agent for service of process, Forrest L. Preston, its registered agent for service of process at 3570 Keith Street NW, Cleveland, Tennessee 37312, or by serving any officer thereof.

12)    Life Care Funding Company, LLC is a Tennessee corporation engaged in the business of owning, operating, managing and/or maintaining nursing homes and related healthcare facilities, including Life Care Center of Farmington, at all times material to this lawsuit. Said Defendant may be served with summons through its registered agent for service of process, Forrest L. Preston, its registered agent for service of process at 3570 Keith Street NW, Cleveland, Tennessee 37312, or by serving any officer thereof.

13)    Life Care Funding, Inc. is a Tennessee corporation engaged in the business of owning, operating, managing and/or maintaining nursing homes and related healthcare facilities, including Life Care Center of Farmington, at all times material to this lawsuit. Said Defendant may be served with summons through its registered agent for service of process, Forrest L. Preston, its registered agent for service of process at 3570 Keith Street NW, Cleveland, Tennessee 37312, or by serving any officer thereof.

14)    Life Care Group Purchasing, LLC is a Tennessee corporation engaged in the business of owning, operating, managing and/or maintaining nursing homes and related

healthcare facilities, including Life Care Center of Farmington, at all times material to this lawsuit. Said Defendant may be served with summons through its registered agent for service of process, Forrest L. Preston, its registered agent for service of process at 3570 Keith Street NW, Cleveland, Tennessee 37312, or by serving any officer thereof.

15)    Upon information and belief, Defendant John C. Snyder was the Administrator of Life Care Centers of Farmington during Mr. Martinez' resident. His last known address is 506 Butte Circle, Durango, Colorado 81301. As Administrator, John C. Snyder was required to be licensed by the State of New Mexico and was responsible for managing the facility pursuant to 42 C.F.R. § 483.75.

## DEFINITIONS

16)    Whenever the term "Defendants" of "Life Care Defendants" is utilized within this suit, such term collectively refers to and includes all names Defendants in this lawsuit.

17)    Whenever in this Complaint it is alleged that Defendants did any act or thing or failed to do any act or thing, it is meant that the officers, agents or employees of the designated corporations respectively performed, participated in, or failed to perform such acts or things while in the course and scope of their employment or agency relationship with said Defendants.

## JOINT VENTURE/ENTERPRISE

18)    Defendants were engaged in a joint venture/enterprise during Mr. Martinez' residency. Each Defendant had a shared community of interest in the object and purpose of the undertaking for which the nursing home known as Life Care Center of Farmington was being operated/used. Each Defendant had an equal right to share in the control of the operation of the nursing home during Mr. Martinez' residency regardless of whether such right was actually exercised.

6

19)    The Defendants controlled the operation, planning, management, and quality control of the nursing home facility.  The authority exercised by the Life Care Defendants over the nursing facility included, but was not limited to, control of marketing, human resources management, training, staffing, creation and implementation of policy and procedure manuals used by the nursing home facility, federal and state Medicare and Medicaid reimbursement, quality care assessment and compliance, licensure and certification, legal services, and financial, tax, and accounting control through fiscal policies established by the Life Care Defendants.

20)    These companies operated as joint venture/enterprise for the purpose of streamlining and furthering their similar business interests and collectively controlled Life Care Center of Farmington.

21)    At all relevant times mentioned herein, the Life Care Defendants owned, operated and/or controlled, either directly or through the agency of each other and/or other diverse subalterns, agents, subsidiaries, servants, or employees the operation of Life Care Center of Farmington.

22)    Because the Defendants named herein and others were engaged  in a joint venture/enterprise before and throughout Mr. Martinez' residency, the acts and omissions of each participant in the joint venture/enterprise are imputable to all other participants.  The actions of the Life Care Defendants and each of its servants, agents and employees as set forth herein, are imputed to each of the Life Care Defendants, jointly and severally.

**VENUE/JURISDICATION**

23)    The injuries made the basis of this lawsuit were a product of the corporate and financial policies designed, formulated, and implemented by Defendants.  Venue and jurisdiction are appropriate in San Juan County, New Mexico.

7

## FACTS

24)    Upon information and belief, Mr. Martinez was a resident of Life Care Centers of Farmington, a nursing home located in San Juan County, New Mexico, from on or about January 12, 2005 until January 19, 2005.

25)    Mr. Martinez was of unsound mind and unable to attend to his affairs throughout his residency at Life Care Center of Farmington.

26)    At all times mentioned hereto, Mr. Martinez suffered from impaired cognitive skills for daily decision-making and memory problems and was of unsound mind.

27)    Upon information and belief, while in the care of Defendants, Mr. Martinez suffered injuries and harm including, but not limited to the following:

      a)    Malnutrition;

      b)    Bedsores, otherwise known as decubitus ulcers or pressure sores;

      c)    Urosepsis;

      d)    Fractured left hip;

      e)    Pain and Suffering;

      f)    Mental Anguish; and

      g)    Humiliation.

28)    As a result of these injuries, Mr. Martinez required medical attention and hospitalization, his overall health deteriorated, and he suffered a Stage II pressure sore causing him permanent and debilitating disfigurement.

8

## CAUSES OF ACTION AGAINST LIFE CARE DEFENDANTS

### COUNT 1 – NEGLIGENCE

29)    Plaintiff hereby re-alleges and incorporates the allegations in paragraphs 1-16 as if fully set forth herein.

30)    Life Care Defendants owed a duty to their resident, including Mr. Martinez, to provide care, treatment, and services within accepted standards of care of nursing homes.

31)    Life Care Defendants owed a duty to their residents, including Mr. Martinez, to hire, train, and supervise employees to deliver care and services to residents in a safe and beneficial manner.

32)    Life Care Defendants breached the duty owed to their residents, including Mr. Martinez, and were negligent in their care and treatment of Mr. Martinez, through their acts of omissions, which include, but are not limited to, the following: (read the nursing report)

a)    Failure to adequately assess, evaluate, and supervise nursing personnel so *as to ensure that Mr. Martinez received appropriate nursing care, in* accordance with Life Care Defendants' policies and procedures and corresponding regulations implemented expressly pursuant thereto by the New Mexico Aging & Long Term Care Department and its agents, including the Division of Health Care Facilities;

b)    Failure to provide Mr. Martinez with basic and necessary care and supervision;

c)    Failure to protect  Mr. Martinez from abuse and neglect;

d)    Failure to treat Mr. Martinez with kindness and respect;

e)    Failure to properly notify the family of Mr. Martinez of significant changes in his health status;

f)    Failure to adequately hire, train, supervise and retain a sufficient amount of competent and qualified registered nurses, licensed vocational nurses, nurse assistants and other personnel in said facility to assure that Mr. Martinez received care, treatment, and services in accordance with State and Federal law;

9

g)    Failure of high managerial agents and corporate officers to adequately
      hire, train, supervise, and retain the administrator and director or nurses so
      as to assure that Mr. Martinez received care in accordance with the
      Defendants' policies and procedure and State and Federal law;

h)    Failure to provide a safe environment for Mr. Martinez to prevent falls;

i)    Making false, misleading and deceptive representations as to the quality of
      care, treatment and services provided by Life Care Defendants to their
      residents, including Mr. Martinez;

j)    The failure to adopt adequate guidelines, policies, and procedures for
      documenting, maintaining files, investigating, and responding to any
      complaint regarding the quantity of resident care, the quality of patient or
      resident care, or misconduct by Life Care Defendants' employees,
      irrespective of whether such complaint derived from a state or federal
      survey agency, a resident of said facilities, an employee of said facilities
      or any interested person;

k)    The failure to increase the number or nursing personnel at Life Care
      Center of New Mexico to ensure that Mr. Martinez;

      1.    received timely and accurate care assessments;

      2.    received prescribed treatment, medication, and diet;

      3.    received necessary supervision; and

      4.    received timely nursing and medical intervention due to a
            significant change in condition.

l)    The failure to provide nursing personnel sufficient in number to provide
      proper treatment and assessment to Mr. Martinez and other residents, to
      protect Mr. Martinez' skin integrity and to prevent pressure sores and the
      worsening of pressure sores on his body.

m)    The failure to provide nursing personnel sufficient in number to ensure
      that Mr. Martinez attained and maintained his highest level of physical,
      mental and psychosocial well being;

n)    The failure to provide adequate supervision to the nursing staff so as to the
      ensure that Mr. Martinez received adequate and proper nutrition,
      therapeutic diet, sanitary care treatments, skin care and sufficient nursing
      observation and examination of the responses, symptoms, and progress in
      the physical condition of Mr. Martinez;

10

o)    The failure to provide a nursing staff that was properly staffed, qualified, and trained;

p)    The failure to maintain medical records on Mr. Martinez in accordance with accepted professional standard and practices that are complete, accurately documented, readily accessible, and systematically organized with respect to:

   1.    the diagnosis of Mr. Martinez;

   2.    the treatment of Mr. Martinez; and

   3.    the assessment and establishment of appropriate care plans of care and treatment for Mr. Martinez;

q)    The failure by the members of the governing body of the facility to discharge its legal and lawful obligation by:

   1.    ensuring that the rules and regulations designed to protect the health and safety of the residents, such as Mr. Martinez, as promulgated by the New Mexico in the New Mexico Nursing Home Residents Rights Act 7.9.2.22 NMAC (2005), and corresponding regulations implemented expressly pursuant thereto by the New Mexico New Mexico Department of Health, Public Health Division, Health Facility Licensing and Certification Bureau, were   consistently complied with on an ongoing basis;

   2.    ensuring that the resident care policies for the facility were consistently complied with on an ongoing basis; and

   3.    responsibly ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care; and,

r)    The failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care.

21)    The injuries hereinafter described are a proximate result of the acts or omissions set forth above, singularly or in combination.

22)    At all times during Mr. Martinez' residency with Life Care Defendants' facility, he was a "resident" pursuant to 7.9.2.7 NMAC (2005), *et seq.,* the New Mexico Nursing Home Residents' Rights Act, and the corresponding regulations implemented expressly pursuant

11

thereto by the New Mexico Department of Health, Public Health Division, Health Facility Licensing and Certification Bureau, namely, Requirements for Long Term Care Facility, NMAC 7.9.2, *et seq.* (Regulations). The particular violations include, but are not limited to, violations of NMAC 7.9.2.22 (F), (L), and (M) and NMAC 7.9.2.42 (B). Mr. Martinez was a member of the class that the Regulations were intended to protect.

23) Mr. Martinez was injured as described herein as a direct result of the acts or omissions of Life Care Defendants as set forth above, which constitute a violation of Regulations and are negligence *per se*. Accordingly, the injuries suffered by Mr. Martinez are of the type that the Regulations were designed to prevent.

24) Plaintiff seeks compensatory and punitive damages in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT II – GROSS NEGLIGENCE, WILLFUL, WANTON RECKLESS, MALICIOUS AND/OR INTENTIONAL MISCONDUCT

25) Plaintiff hereby re-alleges and incorporates the allegations in paragraphs 1-24 as if fully set forth herein.

26) The longevity, scope and severity of Life Care Defendants' failures and actions and their consciously indifferent actions with regard to the welfare and safety of helpless residents such as Mr. Martinez constitute gross negligence, willful, wanton, reckless, malicious and/or intentional misconduct as such terms are understood in law.

27) Such conduct was undertaken by Life Care Defendants without regard to the health and safety consequences to those residents, such as Mr. Martinez, entrusted to their care. Moreover, such conduct evidences such little regard for their duties of care, good faith, and fidelity owed to Mr. Martinez as to raise a reasonable belief that the acts and omissions set forth above are the result of conscious indifference to Mr. Martinez' rights and welfare.

12

28)     Plaintiff seeks compensatory and punitive damages in an amount to be determined by the jury, plus costs and any other relief to which Plaintiff is entitled by law.

## COUNT III – NEGLIGENT OR INTENTIONAL MISREPRESENTATION

29)     Plaintiff hereby re-alleges and incorporates the allegations in paragraphs 1-28 as if fully set forth herein.

30)     At the time of Mr. Martinez' admission to Life Care Center of Farmington and on numerous occasions thereafter, the Life Care Defendants represented to Plaintiff and to state and federal agencies that they had sufficient numbers of nurses and nurse aids on staff at the facility to provide proper care and treatment to Mr. Martinez and other residents of the facility.

31)     The above representations were in fact false, and the Life Care Defendants knew that they were false at the time the representations were made. Life Care intended to induce Plaintiff and/or his agents and representatives to act or refrain from acting in reliance upon the representations.

32)     Plaintiff justifiably relief upon the representations in acting or refraining from acting and as a result sustained damages. Plaintiff seeks recovery of the monies paid to the Life Care Defendants in reliance upon the representations and also seeks recovery of punitive damages to punish the Life Care Defendants for making such false representations of material fact and in order to deter others from engaging in similar misconduct in the future.

## DAMAGES

33)     Plaintiff hereby re-alleges and incorporates the allegations in paragraphs 1-32 as if fully set forth herein.

34)     As a direct and proximate result of the negligence and other wrongful conduct of the Defendants as set out above, Mr. Martinez suffered injuries including, but not limited to,

malnutrition, bedsores, urosepsis, pain and suffering, mental anguish, and humiliation.  As a result, Mr. Martinez incurred significant medical expenses, and suffered disfigurement, embarrassment, pain and suffering and extreme physical impairment.

35)    Plaintiff seeks punitive and compensatory damages against Defendants in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

**TRIAL BY JURY REQUEST**

36)    Pursuant to New Mexico Rules of Civil Procedure, Plaintiff demands that all issues of fact in this case be tried to a jury.

**RELIEF SOUGHT**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1)    For damages to be determined by the jury, in an amount to adequately compensate Plaintiff for all the injuries and damages sustained;

2)    For all general and special damages caused by the alleged conduct of Defendants;

3)    For the costs of litigating this case;

4)    For punitive damages sufficient to punish Defendants for their egregious conduct and to deter Defendants and others from repeating such atrocities; and

5)     For all other relief to which Plaintiff is entitled under New Mexico law.


NIX, PATTERSON & ROACH, LLP
Rosalie Fragoso
Brady Paddock
Anthony K. Bruster
R. Daniel Sorey
2403 San Mateo Blvd., NE, Suite W-26
Albuquerque, New Mexico 87110
Phone: 505-883-1772
Fax:  505-883-1775

15